IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DERRELL B. WILLIAMS #305-646
                Plaintiff,
      v.                              *  CIVIL ACTION NO. JKB-15-2003

CAROLINE COUNTY SHERIFF DEPT.   *
CAPTAIN JAMES HENNING
                Defendants

**<u>MEMORANDUM</u>**

Derrell B. Williams, presently incarcerated by the State of Maryland and housed at Eastern Correctional Institution, has filed a civil rights action pursuant to 42 U.S.C. § 1983. He seeks money damages from the Caroline County Sheriff's Department and a member of the Maryland State Police drug task force as well as immediate release from incarceration. ECF No. 1. Accompanying the complaint is Williams's motion for leave to proceed in forma pauperis (ECF No. 2), which shall be granted subject to later assessment of an initial partial filing fee.

Williams claims that a recent inquiry under Maryland's Public Information Act confirms that he was wrongfully convicted and sentenced to fifteen years of incarceration in the Circuit Court for Caroline County in Criminal Case No. 05K0105189.[1] Williams states that:

> [The] Caroline County Sheriff Dept. never had the jurisdiction to indict me, Derrell B. Williams. At the time of this alleged incident the Caroline County Sheriff Department Drug Task force operate[d] under the jurisdiction of the Maryland State Police Easton, Md. Barrack. Trooper Guyer of the Maryland State Police never wrote a police report, never signed one, and she was never

---

[1] As currently reflected on Maryland's electronic docket, Williams entered a guilty plea on July 10, 2001, to drug possession with intent to distribute and was sentenced to a term of 15 years of incarceration, which was suspended: Williams was then placed on five years' probation. It appears the sentence may have been modified on June 27, 2005, and may now be fully served.

*See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=05K01005189&loc=50&detailLoc=K

> subpoena[ed] to make a court appearance, for her testimony.  After I filed a freedom of information act on the 12th day of Sept. 2014 to receive copies of the police report, Management Associate Dawn Cordrey of the Caroline County Sheriff Dept. respond[ed] back to me in writing, stating per advice from the Office of the States Attorney that my Case No. is actually K-01-5189 and not Case No. K-01-5190.
>
> Which I was released from the custody of the State of Maryland on the day of the 17th of June 2005. . .

ECF No. 1 at 4-5.  Williams seeks immediate release from "unlawful imprisonment, false indictment and to be paid $3,000,000.00 for being held against my will."  ECF No. 1 at 4.

As noted above, Maryland's electronic docket reveals that on July 10, 2001, Williams pleaded guilty in the Circuit Court for Caroline County to possession with intent to distribute narcotics in Criminal Case No. 05K0105189, and was sentenced to fifteen years of incarceration; that sentence was suspended and Williams was placed on five years of probation.[2]  On June 17, 2005, the case was reopened for modification and an order for probation was entered.[3]  Now, more than a decade after modification, Williams moves for damages from those whose investigation may have led to his arrest and conviction.

In *Heck v. Humphrey*,  512 U. S. 477, 487 (1994), the Supreme Court held that claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned and complaints

---

[2] At the time the case was instituted, it appears Williams was incarcerated in a correctional facility located in Georgetown, Delaware.

[3] The conviction was not overturned or otherwise invalidated.  Under 28 U.S.C. § 2254(a), "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (emphasis added).  To the extent Williams now argues that the conviction was improper, he is no longer in custody on that conviction.  Federal habeas relief is unavailable where a petitioner "suffers no present restraint from a conviction."  *Maleng v. Cook*, 490 U.S. 488, 490-92 (1989); *see also*, *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) (recognizing that "in custody" requirement precluded defendant no longer serving sentence imposed on 1986 convictions from bringing federal habeas petition directed solely at those convictions).

containing such claims must therefore be dismissed without prejudice. Put another way, Williams's claim for damages cannot be entertained by this court unless he has first successfully challenged his criminal conviction. The conviction, however, still stands and may in fact have been fully completed.[4]

Williams also complains that despite modification of his fifteen-year sentence, he remains incarcerated, and implies that prison officials are wrongfully prolonging his incarceration based on their mistaken belief that he is serving a sentence imposed on July 10, 2001, in Caroline County Circuit Court Criminal Case No. 05K01005190.

Williams argues that he was never indicted or tried under that case number and therefore should be released from custody. This argument is unsupported and directly contradicted by the state court docket and other exhibits filed in *Derrell B. Williams v. State of Maryland, et al.*, Civil Action No. L-08-3333 (D. Md.). In that action, the Honorable Benson Everett Legg found that Williams's attack on his Caroline County Circuit Court conviction on charges of distribution of cocaine and related charges and the forty-year sentence imposed in Case No. 05K01005190 was untimely for the purpose of federal habeas corpus review.[5] *Id.*, ECF No. 8. Williams did not seek leave to appeal that decision.

---

[4] It is unclear from the docket whether Williams must still serve a probationary term once released from incarceration.

[5] The forty-year consecutive sentence originally imposed in Case No. 05K01005189 was not at issue, as Williams was attacking only the judgment of conviction in Case No. 05K01005190. *Id.* at 2. Examination of the petition, which bears the name Derrell B. Williams and references the same prisoner identification number, #305-646, demonstrates that the same individual was convicted in both state criminal cases and filed the instant action as well as the habeas petition decided by Judge Legg. The forty-year sentence in Case No. 05K01005189 was, according to the docket sheet submitted to the Court in the case before Judge Legg, modified to fifteen years, all suspended, in a post-conviction proceeding on June 17, 2005. Any discrepancy between that docket sheet (Civ. No. BEL-08-3333, ECF No. 6-1) and the one now available through the Maryland Judiciary Case Search website is immaterial to the outcome of the case. The Court concludes Williams is presently incarcerated pursuant to a valid Maryland state court judgment in Case No. 05K01005190 and that his civil rights suit challenging his confinement in that case is ill-founded.

In short, Williams seeks to manipulate a deficiency in the Maryland electronic case docket based on a typographical error.  In Criminal Case No. 05K01005190, the defendant was listed on the docket as "**Darrell**," not "Derrell."[6]  While Williams may have completed his fifteen-year sentence in Case No. 05K01005189, he has yet to complete the forty-year term of incarceration imposed following his guilty plea in Case No. 05K01005190.  His present incarceration under Criminal Case No. 05K10115190, which was fully examined in this court in habeas corpus proceedings, remains viable and will not be questioned here.  A separate order of dismissal will issue.

Dated this 5th day of August, 2015              _____/s/_____
                                                James K. Bredar
                                                United States District Judge

---

[6] *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=05K01005190&loc=50&detailLoc=K.